

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin 1, Texas

Dear Sir:

Opinion No. 0-5259
Re: Validity under Texas Liquor
Control Act and Anti Trust
Laws of Brewers' Agreement
and related questions.

  We quote from a proposed policy of action from the Texas Brewers Institute:

   "TO WHOM IT MAY CONCERN:

   "Holding the belief that each of us has the privilege and public duty to afford the utmost co-operation toward enforcing the laws and wartime regulations of the United States Government and of the State of Texas, and in full appreciation of those efforts that are designed to prevent infla-tion and to protect the consuming public, we the undersigned breweries, who have long served the people of this State, herein give notice that each of us will refuse to continue or maintain a distri-buting relation with any beer distributor who sells beer at a price in excess of ceiling prices estab-lished by the Office of Price Administration. It will be considered a violation if a distributor:

   "(a) Directly or indirectly charges more than the wholesale ceiling price fixed by the Office of Price Administration for the brand of beer he sells;

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Bert Ford, Page 2

"(b) If a distributor in making deliveries
favors or permits the buyer to make any 'side-
payments' or bonus payments to himself, an agent,
employee, or any other person as an inducement to
obtain such deliveries.

"Each of us will refuse to continue or
maintain a distributing relation with any dis-
tributor who sells beer to any person for resale
in violation of law in the dry areas of Texas as
defined by the laws of this State.

"Each of us will refuse to continue or
maintain a distributing relation with any dis-
tributor who sells beer found by the Texas Liquor
Control Board to be of a quality condemned by the
laws of this State.

"The foregoing policy will be adhered to in
our respective business transactions for so long
a time as the Government of the United States may
deem it necessary to establish and maintain price
controls as a part of the Nation's war effort. It
is recognized that there are few distributors who
maintain or encourage the practices against which
this declaration of policy is directed, and we
consider that it is our duty to adopt any reason-
able means to insure that our respective products
will not reach the consumer through those distri-
butors who may be negligent or indifferent toward
the war efforts of their government and the people
in general."

In connection with this proposal you state that you
accept the representations "as being (made) in good faith and
motivated by a desire to prevent the development of practices
in violation of State and Federal laws."

You wish to be advised:

"A. Would the signing and adherence to
the proposed declaration by several breweries
constitute a violation of the Texas Liquor Con-
trol Act?

Hon. Bert Ford, Page 3

"B. Would the existence and adherence to the agreed policy by several breweries constitute a violation of the Anti-Trust laws of this State or any other State law?"

This office recently had occasion to represent the Texas Liquor Control Board in a case where the constitutionality of the Emergency Price Control Act of 1942 was directly in issue. United States District Judge, W. A. Keeling said, "in this case the Court is of the opinion that Congress had the authority to enact the Emergency Price Control Act of 1942, in the face of the existing emergency of the war, and that the Act is within the Constitutional powers of the Congress." Since the court was immediately concerned with the Office of Price Administration's power to fix prices and practices in respect to beer and liquor, the court's opinion is peculiarly applicable here. See Brown, Administrator, vs. Texas Liquor Control Board, et al, No. 192, Austin Division, Western District of Texas, United States District Court, not yet reported. Judge Keeling followed the ruling of the Supreme Court of the United States in Highland vs. Russell Car & Snow Plow Co., 279 U. S. 601; 73 L. Ed. 688, passing upon the Lever Act of World War I.

In addition to the Federal Statutes, the so-called anti-trust laws of Texas are directly involved. Article 7426 defines and prohibits trusts, and particularly price fixing. Article 7427 defines and prohibits monopolies. Article 7428, defining and prohibiting conspiracies against trade, particularly denounces agreements to refuse to sell to any particular person.

We quote Article 7428:

"Either or any of the following acts shall constitute a conspiracy in restraint of trade.

"1. Where any two or more persons, firms, corporations or associations of persons, who are engaged in buying or selling any article of merchandise, produce or any commodity enter into an agreement or understanding to refuse to buy from or sell to any person, firm, corporation or association of persons, any article of merchandise, produce or commodity.

Hon. Bert Ford, Page 4

"2. Where any two or more persons, firms, corporations or associations of persons, shall agree to boycott or threaten to refuse to buy from or sell to any person, firm, corporation or association of persons for buying from or selling to any other person, firm, corporation or association of persons."

This state statute presents a situation where a person is broadly prohibited from agreeing not to sell a lawful commodity to any particular person. Opposed to this state law is an order of a competent Federal agency acting in pursuance of a valid Act of the Congress in effect commanding the sale of a lawful commodity of commerce in all legal and valid channels, but prohibiting such sale at a price above that fixed by the appropriate Federal agency or to persons not authorized to purchase the same.

Your request also presents the question whether, under Articles 7426, 7427 or 7428, an agreement not to violate the laws of the United States, even though in terms contrary to state law, could form the basis of an enforceable state action, either criminal or civil.

This department recently ruled that where prices are fixed by the Office of Price Administration, it is not a violation of the state anti-trust laws for a dealer in beer or liquor to adhere strictly to such prices and to advertise the same, so long as he holds himself free or innocent of any agreement to fix prices within the maximum range fixed by the Federal agency. See Opinion No. 0-5611 and authorities there cited, enclosed herewith.

We think that the acknowledged supremacy of National law with reference to commodity prices would be equally applicable in principle to the contracts and relations between persons dealing in such commodities so long as such measures are deemed necessary or essential by the Federal agency to effectuate its emergency war powers.

As we view the proposed agreement, its effect is that those who sign the same:

Hon. Bert Ford, Page 5

(a) Will not sell to a distributor who re-sells in excess of the maximum prices fixed by the Office of Price Administration;

(b) Will not violate the maximum price regulations of the Office of Price Administration;

(c) Will not sell to a distributor who in-directly by "side-payments", bonuses or otherwise violates maximum price regulations;

(d) Will not sell to a distributor who sells the same to persons purchasing it for re-sale in dry areas of the State of Texas in violation of its laws;

(e) Will not sell to a distributor who sells beer found by the Texas Liquor Control Board to be of a quality prohibited by law.

This, upon its face, is both an agreement to obey and not to violate the laws of Texas and of the United States. Since you state that you accept the same "as being in good faith" we can find no reason to condemn the same under the laws of Texas. It must be borne in mind, however, that the proposed agreement would not be valid under our laws except for the exercise of the emergency war powers of the Federal government. When and if those emergency war powers expire or are repealed, the anti-trust laws of Texas will operate again to prohibit the concerted action proposed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *Elbert Hooper*

Elbert Hooper
Assistant

APPROVED 1944

ATTORNEY GENERAL OF TEXAS

EH:fo

